UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIEL JERRIDO,

    Applicant,

v().                                             CASE NO. 8:22-cv-2298-SDM-MRM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Jerrido applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his three convictions and sentences. The respondent both moves to dismiss the application because Jerrido is time-barred from challenging some convictions and argues that Jerrido is no longer "in custody" under some convictions. (Doc. 9) Jerrido opposes dismissal and moves for both summary judgment and "to rule." (Docs. 10, 12, and 16) As determined below, (1) Jerrido is time-barred from challenging the first and second convictions and is no longer in custody under the first conviction, and (2) respondent appears incorrect in calculating that, when he filed his application, Jerrido was no longer in custody under his third conviction.

**Timeliness and "In Custody"**

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." A motion under both Rules 3.800 and 3.850, Florida Rules of Criminal Procedure, toll the federal limitation. *Ford v. Moore*, 29 F.3d 1035, 1040 (11th Cir. 2002). Although the time remaining is preserved, time passed is not restored. *Tinker v. Moore*, 255 F.3d 1331, 1335, n.4 (11th Cir. 2001) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period. [S]hould a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired.").

An applicant cannot challenge the validity of a state court conviction unless confined based on the challenged conviction because Section 2254(a) (bolding added) provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court

shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Applying Section 2254(a), *Maleng v. Cook*, 490 U.S. 488, 492 (1989), explains that, "after the sentence imposed . . . has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes" fails to meet the "in custody" requirement. *See also Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403 (2001) ("[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

### First Conviction: Felony Burglary 2017-CF-02090

Jerrido pleaded guilty to one felony charge (burglary) and two misdemeanor charges (obstructing or resisting an officer without violence and loitering or prowling). Facing a statutory maximum sentence of sixteen years' imprisonment, Jerrido accepted a negotiated sentence as a youthful offender to 364 days in the county jail followed by two years of probation. (Respondent's Exhibit 3) Because Jerrido filed no appeal, the conviction became final on June 8, 2017, upon expiration of the thirty days permitted for an appeal. *Armstrong v. State*, 148 So. 3d 127, 128 (2nd DCA 2014) ("When no appeal is filed, finality occurs thirty days after rendition of the judgment and sentence, which is the date on which the time for filing the

notice of appeal expires."). The one-year limitation expired in 2018 because Jerrido filed no motion for post-conviction relief. Consequently, a challenge to the validity of the 2017 burglary conviction and sentence is time-barred and Jerrido is no longer in custody under that conviction and sentence.

**Second Conviction: Violation of Probation 2017-CF-02090**

Jerrido pleaded guilty to violating probation based on new criminal charges and he accepted a negotiated sentence to imprisonment for 123 months. (Respondent's Exhibit 8) Jerrido immediately filed a motion under Rule 3.800, which was denied on January 2, 2019, and Jerrido filed no appeal. The one-year limitation expired in early 2020 at the latest. Although he is currently serving the 123-month sentence, Jerrido is time-barred from challenging the conviction and sentence based on the violation of probation because he filed his initial application in October, 2022 — more than two years late.

**Third Conviction: Scheme to Defraud 18-CF-003383**

In conjunction with the violation of probation, Jerrido pleaded guilty to five felonies[1] and one misdemeanor,[2] and he accepted a negotiated sentence to imprisonment for five years on each felony, to run concurrently with both each other and the 123-month sentence for the violation of probation. On October 11, 2019, in 2D18-4749, the state district court affirmed the convictions and sentences. The

---

[1] A count of scheme to defraud and four counts of uttering forged bills.

[2] A count of obstructing or resisting an officer without violence.

convictions became final ninety days later — January 9, 2020.[3] Absent tolling for a timely post-conviction application in state court, the federal limitation barred Jerrido's application one year later — January 9, 2021. Jerrido filed his initial application in 2022, apparently more than a year late.[4]

Instead of arguing untimeliness, the respondent argues that Jerrido cannot challenge his convictions and sentences under 18-CF-003383 because he is no longer "in custody" under that judgment but instead is currently imprisoned under only the revocation of probation sentence in 17-CF-02090. Citing *Sweet v. McNeil*, 345 F. App'x 480, 482 (11th Cir. 2009), the respondent argues for dismissal because "a successful habeas action resulting in a vacated concurrent sentence would have no effect on [Jerrido]'s release date from his other conviction and sentence." As explained below, *Sweet* is inapplicable.

On November 2, 2018, Jerrido was sentenced to imprisonment for five years with credit for 239 days in the county jail. (Respondent's Exhibit 24) To support the argument that Jerrido is not "in custody" under this judgment, the respondent provides a calculation from Florida's "Bureau of Admission & Release" showing that Jerrido's tentative release date from imprisonment under 18-CF-003383 was October 31, 2022. Under the "mailbox rule," Jerrido filed his initial application on

---

[3] The convictions became final after the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

[4] Although possibly time-barred, the respondent's exhibits are insufficient to properly determine timeliness without a supportive argument for untimeliness.

October 4, 2022 — before his projected release date.  Consequently, Jerrido was "in custody" when he filed his application because he was still serving his sentence for the judgment entered in 18-CF-003383.  The respondent's reliance on *Sweet* is misplaced because, unlike Jerrido, "Sweet was not 'in custody' on the lesser . . . conviction at the time he filed his § 2254 petition."  345 F. App'x at 481.  As *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968), explains, "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application.  The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."  *Accord Greenwood v. Sec'y, Dep't of Corr.*, 794 F. App'x 831, 832 n.1 (11th Cir. 2019) ("[T]he expiration of a petitioner's sentence before his application is fully adjudicated does not terminate federal jurisdiction.") (citing *Carafas*).  *See also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("An incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration . . . constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.").  Consequently, the district court rejects the respondent's "in custody" argument but, based on the present record, the court cannot determine whether the application is timely to challenge the judgment entered in 18-CF-003383.  The respondent must file a supplemental response.

**Exception to One-Year Limitation**

In his reply Jerrido asserts his "actual innocence" under *Sawyer v. Whitley*, 505 U.S. 333, 333 (1992), and *Schlup v. Delo*, 513 U.S. 298, 321 (1995), "as a gateway to a defaulted claim." (Doc. 10 at 5) In his motion for summary judgment Jerrido states that "[t]he Supreme Court has held that the miscarriage of justice exception applies to state's procedural rules, including filing deadlines." (Doc. 12 at 4) And in his "Emergency Motion to Rule" Jerrido claims that he files the motion "per the manifest of injustice doctrine." (Doc. 16 at 1)

The "miscarriage of justice" exception, the "manifest injustice" exception, and the "actual innocence" exception are the same exception. *See Sawyer v. Whitley*, 505 U.S. 333, 333 (1992) ("The miscarriage of justice exception applies where a petitioner is 'actually innocent' of the crime of which he was convicted."); *Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."); *Schlup*, 513 U.S at 327 (recognizing that the requirement to show that the constitutional violation has probably resulted in the conviction of someone who is actually innocent "still provid[es a] petitioner a meaningful avenue by which to avoid a manifest injustice."); *House v. Bell*, 547 U.S. 518, 537 (2006) (using both "miscarriage of justice" and "actual innocence" to describe the same exception).

Jerrido recognizes that he bears the burden of proving that he did not commit the criminal offense for which he is imprisoned.[5] "Actual innocence" is a "gateway" through which a defendant may pass to assert an otherwise time-barred or procedurally barred federal claim. Passage through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin, Warden, v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)).

Moreover, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). As *House v. Bell*, 547 U.S. 518, 538 (2006) (internal citation omitted), explains, the applicant's burden is demanding:

> [I]t bears repeating that the *Schlup* standard is demanding and permits review only in the "extraordinary" case . . . . At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable

---

[5] Jerrido admits that, to qualify for the exception, he must show "that in light of new evidence it is unlikely that a reasonable juror would have found the petitioner guilty beyond a reasonable doubt." (Doc. 10 at 5)

- 8 -

> doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

A sufficient showing of "actual innocence" might permit review of an otherwise time-barred application. *Perkins*, 569 U.S. at 386–87 ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."). Having reviewed Jerrido's papers, the district court is unclear what "new evidence" Jerrido contends shows that he did not commit the criminal offenses to which he pleaded guilty under the terms of a plea agreement.

Although his pending motions are denied, the denial is without prejudice to Jerrido's re-asserting an exception to the limitation in his reply to the supplemental response. The respondent must supplement the response (1) to specifically assert untimeliness, waive untimeliness, or admit timeliness of Jerrido's challenge to 18-CF-003383, (2) to address the merits of the grounds for relief that challenge the judgment in 18-CF-003383 if timeliness is admitted or untimeliness is waived, and (3) to supplement the record with the requisite portions of the state court record necessary to either determine untimeliness or review the merits of the grounds for relief that challenge the judgment in 18-CF-003383. A final determination of timeliness and Jerrido's entitlement to an exception to the limitation awaits further briefing and a supplemented record.

Jerrido's motion for summary judgment and motion to rule (Docs. 12 and 16) are **DENIED**. The respondent has **SIXTY DAYS** to supplement the response as described in this order and supplement the record with the requisite portions of the state court record. Jerrido has **THIRTY DAYS** to reply, and if Jerrido asserts an exception to the limitation, the respondent has **FOURTEEN DAYS** in which to sur-reply.

ORDERED in Tampa, Florida, on August 1, 2023.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE