UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIEL JERRIDO,

    Applicant,

v.                                         CASE NO. 8:22-cv-2298-SDM-MRM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

Jerrido applies in an amended application under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 6) and challenges his three convictions and sentences. The respondent moved to dismiss the application because Jerrido is time-barred from challenging some convictions and argued that Jerrido is no longer "in custody" under some convictions. (Doc. 9) An earlier order (Doc. 18) determines (1) that Jerrido is time-barred from challenging the first and second convictions and is no longer in custody under the first conviction and (2) that respondent appears incorrect in calculating that, when he filed his application, Jerrido was no longer in custody under his third conviction. Also, the order (1) rejects Jerrido's asserted entitlement to the "actual innocence" exception to the one-year limitation because "the district court is unclear what 'new evidence' Jerrido contends shows that he did not commit the criminal offenses to which he pleaded guilty under the terms of a plea agreement" (Doc. 18 at 9) and (2) directs the respondent to file a supplemental response, in which

he may again challenge the timeliness of the application's attack on the third conviction if untimeliness is supported by the state court record. The respondent again challenges the timeliness of the third conviction. Jerrido's paper captioned "Emergency Motion to Rule" (Doc. 23) is construed as his reply to the supplemental response.

**Timeliness and "In Custody"**

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." A motion under both Rules 3.800 and 3.850, Florida Rules of Criminal Procedure, toll the federal limitation. *Ford v. Moore*, 29 F.3d 1035, 1040 (11th Cir. 2002). Although the time remaining is preserved, time passed is not restored. *Tinker v. Moore*, 255 F.3d 1331, 1335, n.4 (11th Cir. 2001) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period. [S]hould a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired.").

**First and Second Convictions: 2017-CF-02090**

Jerrido's first conviction was for burglary, to which he pleaded guilty and accepted a negotiated sentence as a youthful offender to 364 days in the county jail followed by two years of probation. As determined in the earlier order (Doc. 18 at 3–4), the one-year limitation expired in 2018 and Jerrido is no longer in custody under that conviction and sentence. Jerrido's second conviction was for violating probation following his release from jail on the first conviction. Jerrido pleaded guilty to violating probation based on new criminal charges and he accepted a negotiated sentence to imprisonment for 123 months. As determined in the earlier order (Doc. 18 at 4), the one-year limitation expired in 2020 and he is time-barred from challenging the second conviction and sentence based on the violation of probation because he filed his initial federal application more than two years late.

**Third Conviction: Scheme to Defraud: 18-CF-003383**

Jerrido's third conviction was for a scheme to defraud, to which he pleaded guilty to five felonies[1] and one misdemeanor,[2] and he accepted a negotiated sentence to imprisonment for five years on each felony, to run concurrently with both each other and the 123-month sentence for the second conviction (violation of probation). Because the supplied state court record was insufficient to determine timeliness, the earlier order (Doc. 18) directs the respondent to file both a supplemental response and a supplemental state court record. In the supplemental response (Doc. 22) the

---

[1] A count of scheme to defraud and four counts of uttering forged bills.

[2] A count of obstructing or resisting an officer without violence.

respondent argues that the application is untimely, which argument is supported by the supplemental state court record.

On November 2, 2018, Jerrido was sentenced to imprisonment for five years with credit for 239 days in the county jail. (Respondent's Exhibit 24)  On October 11, 2019, the state district court affirmed the convictions and sentences.  The convictions became final ninety days later — January 9, 2020.[3]  Absent tolling for a timely post-conviction application in state court, the federal limitation barred Jerrido's application one year later — January 9, 2021.  Jerrido filed his initial federal application in October 2022, more than a year late.

Later, on November 21, 2021, Jerrido filed another motion under Rule 3.850 for post-conviction relief.  (Doc. 13)  However, no limitation remained to toll because the federal one-year limitation expired ten months earlier.  "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001).

**Exception to One-Year Limitation**

The earlier order explains the "actual innocence" exception (also called the "manifest injustice" exception) to the limitation to allow review of a time-barred application.  (Doc. 18 at 7–9)  Particularly relevant to Jerrido's present assertions is (1) the requirement that the "actual innocence" claim must rely on "new evidence . . . that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and (2) the

---

[3] The convictions became final after the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

- 4 -

principle that " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Also, the earlier order rejects Jerrido's asserted entitlement to the "actual innocence" exception and advises that "the district court is unclear what 'new evidence' Jerrido contends shows that he did not commit the criminal offenses to which he pleaded guilty under the terms of a plea agreement." (Doc. 18 at 9)

In the construed reply Jerrido again iterates his numerous conclusory assertions of "actual innocence" and "manifest injustice," however this time he contends (Doc. 23 at 11) that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the disclosure of favorable evidence. Jerrido fails to clearly identify the suppressed evidence. In his last Rule 3.850 motion Jerrido asserted a claim under *Brady*, which the state court determined was without merit, specifically, the court rejected Jerrido's contention that "he should have been charged with third degree felony burglary, rather than a second degree felony[, because] no one was home at the time of the offense[.]" (Doc. 6-1 at 14)[4] Jerrido's asserted entitlement to the "actual innocence" exception based on an alleged *Brady* violation fails because the assertion is based on "legal insufficiency" (whether the facts supported a second degree felony or a third degree felony) and not "factual innocence" (whether the facts supported a charge for any

---

[4] Jerrido attaches a copy of the order to his amended application. (Doc. 6-1 at 14–16) The order denies a writ of habeas corpus that challenges the first two convictions (the 2017 convictions that Jerrido is time-barred from challenging), not the third conviction (the 2018 conviction presently under review). Nevertheless, the state court order provides the most likely basis for Jerrido's asserted *Brady* claim.

degree of burglary).[5] Jerrido fails to meet his burden of showing entitlement to an exception to the limitation.

Jerrido's paper captioned "Emergency Motion to Rule" (Doc. 23) is **DENIED** as a motion but is construed as a reply to the supplemental response. (Doc. 22) The amended application (Doc. 6) is **DISMISSED AS TIME-BARRED**. The clerk must **CLOSE** this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jerrido is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Jerrido must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the application is clearly time-barred, Jerrido is entitled to neither a COA nor leave to appeal *in forma pauperis*.

---

[5] Also, Jerrido's guilty plea waived a legal defense to whether the facts supported only a third degree felony.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Jerrido must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 3, 2024.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE